Rachel E. Kaufman, CA Bar No. 259353
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LIPP JR., individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CREST MORTGAGE, INC., an Arizona corporation,<br><br>*Defendant.* | Case No. '22CV582 L AHG<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Richard Lipp Jr. ("Plaintiff" or "Lipp Jr.") brings this Class Action Complaint and Demand for Jury Trial against Defendant, Crest Mortgage, Inc., ("Defendant" or "Crest Mortgage") to stop the Defendant from violating the Telephone Consumer Protection Act by sending telemarketing text messages to telephone numbers registered on the Do Not Call Registry without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Lipp Jr., for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other

matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Richard Lipp Jr. is a resident of Chula Vista, California.

2. Defendant Crest Mortgage, Inc., is an Arizona corporation headquartered in Scottsdale, Arizona. Defendant Crest Mortgage conducts business throughout this District, California, and the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and the venue is proper because the Defendant conducts business in this District and the wrongful conduct giving rise to this case was directed by the Defendant and received by the Plaintiff in this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant

barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in March 2022 alone, at a rate of 140.8 million calls per day. www.robocallindex.com (last visited April 6, 2022).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

CLASS ACTION COMPLAINT
-3-

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant Crest Mortgage is a mortgage brokerage company that provides home loans to consumers across the U.S.

15. Defendant Crest Mortgage sends telemarketing text messages to solicit their services to consumers across the U.S.

16. Defendant Crest Mortgage hires employees, loan officers and others, and supplies them consumer leads to send telemarketing text messages and call:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

> **Loan Officer- Minimum 2 Years Of Sales Experience Required**
>
> Crest Mortgage is seeking a motivated individual who is looking to start a financially rewarding career in Mortgage Lending. We will train you on all aspects of the business and sponsor your licensing.
>
> **The Professional And Financial Opportunity That We Can Offer To The Right Candidate Is Unmatched In Our Industry And Here Is Why**
> - Base + Commission + Bonuses
> - Company Provided Leads (Inbound and Outbound)
> - Unparalleled training in Sales, Finance, Networking, Business Management, and all aspects of Lending.
> - Sponsored licensing program
> - Fully integrated daily lead program
> - Top notch processors
> - Industry leading pricing and products (home of the 40 year mortgage)
> - Custom marketing and contact management
> - Six figure income potential your first year

[3]

17. Several employees of Defendant Crest Mortgage have posted reviews online about Defendant's cold calling practices, for instance:

> Sep 28, 2021 - Mortgage Loan Officer
>
> ◯ Recommend    ◯ CEO Approval    ✗ Business Outlook
>
> **Pros**
> Flexible schedule, freedom as long as you're producing, leads provided

[4]

> Former Employee, less than 1 year
> **Loan officer assistant**
> Aug 8, 2018 - Loan Officer Assistant in Scottsdale, AZ
>
> ✗ Recommend    ✗ CEO Approval    ✗ Business Outlook
>
> **Pros**
> They make you contact 500 people a week and let you go after a month and keep the money for themselves without paying you minimum wage.
>
> **Cons**
> The owners are arrogant and flaunt their preceived wealth while no one makes money . Over 30 people have come and gone in 6 months

[5]

---

[3] https://www.linkedin.com/jobs/view/loan-officer-amazing-financial-and-professional-opportunity%21-at-crest-mortgage-2886165646/
[4] https://www.glassdoor.com/Reviews/Crest-Mortgage-Reviews-E1626122.htm
[5] *Id.*

18. Several consumers have posted complaints online regarding unsolicited telemarketing calls and text messages they received from or on behalf of Defendant Crest Mortgage, for instance:

- "Has anyone else reported this number to the FCC? Odd that it would still be receiving complaints here. My CID said CREST MORTGAGE. Of course, no idea who it really is.." [6]

- "I got a call today I answered the guy said hi rebecca it's chris like we know each other I hung up and blocked it. He ws trying to make it sound like we knew each other so I would talk to him."[7]

- "Unknown number, name shown as crest mortgage, no message left"[8]

- "Received a text message to someone named Louis from a Sandra at Crest Mortgage offering lower rates with an apology for bothering said person.but wanted to make sure they weren't losing out on the most current low rates and requested an email address to give further information."[9]

- "Unsolicited call"[10]

- "Home refinance"[11]

- "Annoying repeated calls"[12]

---

[6] https://800notes.com/Phone.aspx/1-530-448-8770
[7] *Id.*
[8] *Id.*
[9] https://www.reportedcalls.com/7602805706
[10] https://www.shouldianswer.com/phone-number/5304488770
[11] *Id.*
[12] *Id.*

CLASS ACTION COMPLAINT
-6-



## PLAINTIFF LIPP JR.' ALLEGATIONS

19.     Plaintiff Lipp Jr. is the subscriber and the sole user of the phone number ending with xxx-xxx-0339.

20.     Plaintiff Lipp Jr. registered his phone number on the DNC on November 14, 2021, for the express purpose that he would not receive unsolicited calls or text messages.

---

[13] https://800notes.com/Phone.aspx/1-858-309-5892
[14] https://800notes.com/Phone.aspx/1-858-309-5892
[15] https://800notes.com/Phone.aspx/1-213-214-1125

Case 3:22-cv-00582-L-AHG   Document 1   Filed 04/26/22   PageID.8   Page 8 of 18

21. Plaintiff Lipp Jr.'s number is not held out to the public in connection with a business and is used primarily for personal purposes.

22. In March 2022, Plaintiff Lipp Jr. started receiving unsolicited telemarketing text messages from Anthony, an employee of Defendant Crest Mortgage, using the phone number 858-923-5806, offering cheaper mortgage options to him.

23. On March 22, 2022, at 9:07 AM, Plaintiff Lipp Jr. received the following solicitation text message from Defendant Crest Mortgage, using the phone number 858-923-5806, offering cheaper mortgage options to him. The telemarketing text message mentioned an email address which does not belong to the Plaintiff:



24. Plaintiff continues to receive solicitation text messages from the Defendant using the same phone number, 858-923-5806, to his cell phone seeking

information to offer mortgage options to the Plaintiff, including text messages received on:

- Wednesday, March 23, 2022, at 9:30 AM:

> Wed, Mar 23, 9:30 AM
>
> Hi Richard, It's Anthony again with Crest! I sent you a text yesterday about the rates falling with all of the turmoil in the markets. Now could be the BEST time to lock in and possibly leverage some of the equity you have in the home. The fed already raised the rate .25% and expect 7 more through 2022, so now is the perfect time to do those looming tasks, like repairs or home improvements or even paying off higher interest rate debts. What figure should I use as an estimate for some possible cash?

- Friday, March 25, 2022, at 10:12 AM:

> Fri, Mar 25, 10:12 AM
>
> Hi Richard! It's Anthony with Crest! I'm sure you've seen in the news the Fed already raised the rates .25% but they expect 7 more throughout 2022! Rates have taken a sudden drop due to the market volatility, now might be our last chance to lock into these lower rates while we can! I'm getting ready to send you updated numbers to your goldlowrider93@hotmail.com. Do you want to see numbers with any cashout options or just a lower rate and term?

CLASS ACTION COMPLAINT
-9-

- Saturday, March 26, 2022, at 4:10 AM:

- Sunday, March 27, 2022, at 4:10 AM:



- Monday, March 28, 2022, at 10:30 AM.

- Friday, April 1, 2022, at 3:14 PM, and

- Sunday, April 3, 2022, at 10:09 AM:

CLASS ACTION COMPLAINT
-10-



- Wednesday, April 6, 2022, at 10:08 AM:

25. This phone number 858-923-5806, from which Defendant Crest Mortgage sent the telemarketing text messages to Plaintiff Lipp Jr. belongs to Anthony San Felice, an employee of Defendant Crest Mortgage, and is answered by him:



[16]

26. The unauthorized solicitations that Plaintiff received from Defendant, as alleged herein, have harmed Plaintiff Lipp Jr. in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

27. Seeking redress for these injuries, Plaintiff Lipp Jr., on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

28. Plaintiff Lipp Jr. brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) texted and/or called more than one time, (2) within any 12-month period, (3) where the person's residential telephone

---

[16] https://www.zillow.com/lender-profile/anthony%20sanfelice/

CLASS ACTION COMPLAINT
-12-

number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

29.  The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Lipp Jr. anticipates the need to amend the Class definitions following appropriate discovery.

30.  **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received text messages as part of the same telemarketing campaign resulting in text messages sent to other Class members.

31.  **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether Defendant systematically sent, or caused to be sent, multiple calls or text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent;

    (b)    whether the calls and text messages to Plaintiff and other consumers were sent for telemarketing purposes;

    (c)    whether the conduct constitutes a violation of the TCPA; and

    (d)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

32. **Adequate Representation**: Plaintiff Lipp Jr. will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Lipp Jr. has no interests antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff. Plaintiff Lipp Jr. and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff Lipp Jr. nor his counsel have any interest adverse to the Class.

33. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to

ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Lipp Jr.. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Lipp Jr. and the Do Not Call Registry Class)**

34. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

35. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone

solicitations that is maintained by the federal government."

36. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

37. Defendant violated 47 C.F.R. § 64.1200(c) by causing to be initiated telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

38. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call and/or text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

39. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in statutory damages for such violations of 47 C.F.R. § 64.1200.

40.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lipp Jr. individually and on behalf of the Class, prays for the following relief:

   a)   An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Lipp Jr. as the representative of the Class; and appointing his attorneys as Class Counsel;

   b)   An award of damages and costs;

   c)   An order declaring that Defendant's actions, as set out above, violate the TCPA;

   d)   An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

   e)   Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lipp Jr. requests a jury trial.

**RICHARD LIPP JR.**, individually and on behalf of all others similarly situated,

DATED this 26th day of April, 2022.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman, CA Bar No. 259353
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*